William B. HABURN
and Esther E. Haburn
*v.*
DEPARTMENT OF REVENUE
(TC 3730)

Plaintiffs (taxpayers) appeared *pro se*.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant was entered July 19, 1995.

**CARL N. BYERS, Judge.**

Taxpayers appeal from adjustments to their 1988, 1989 and 1990 income tax returns. The Department of Revenue (department) determined that claimed medical reimbursement expenses did not qualify for deduction and assessed additional taxes, penalties and interest.

William Haburn conducts a financial advisory business as a sole proprietor from his home. He employs his wife, Esther, as a part-time office employee. Esther worked approximately 13 hours per week in 1988, and 12 hours per

week during 1989 and 1990 in her husband's business. Esther also works part-time at a bookstore.

William agreed to employ his wife for an annual salary to be paid in quarterly installments. Although the salary was set at a maximum of $7,500, it was understood that a lesser amount would be paid if Esther did not perform sufficient work to justify the salary. No hourly or production requirements were set or agreed upon. Whether Esther would receive the full salary was left to the judgment of William as the employer. The department agrees that the total amount of compensation was reasonable.

After consulting with an attorney, William decided to take advantage of the benefits provided by IRC § 105 and adopted a medical reimbursement plan. Under a qualified medical reimbursement plan the employer agrees to reimburse the employee for health insurance premiums or uninsured medical expenses. These reimbursement payments are deductible expenses to the employer and are not includable in the taxable income of the employee.

William's medical reimbursement plan has a feature which the department claims makes it defective. William's medical reimbursement plan does not contain a dollar limit on the amount of medical expenses which may be reimbursed. Moreover, by agreement with his employee, any payments made under the medical reimbursement plan are treated as part of the employee's compensation and reduce the amount of cash payments made to the employee. The operation of this agreement may be illustrated by examples from two of the years involved. In the first quarter of 1988, William paid $854.30 in medical expenses for Esther and also paid her wages of $1,050 for a total quarterly compensation of $1,944.30. This quarter may be compared with the first quarter of 1989, during which William paid $3,113.08 in medical reimbursements, but paid no wages to Esther. Esther testified that during this quarter they were extremely busy and she worked substantially more hours than before.

■    The department contends that the exclusion for a qualified medical reimbursement plan "does not apply with respect to amounts which the employee would be entitled to receive regardless of whether the employee incurred

expenses for medical care." The department cites Treas Reg § 1.105-2, which provides in relevant part:

"Thus, section 105(b) does not apply to amounts which the taxpayer would be entitled to receive irrespective of whether or not he incurs expenses for medical care. For example, if under a wage continuation plan the taxpayer is entitled to regular wages during a period of absence from work due to sickness or injury, amounts received under such plan are not excludable from his gross income under section 105(b) even though the taxpayer may have incurred medical expenses during the period of illness."

Even though William operates as a sole proprietor and his wife is his employee, he may adopt a medical reimbursement plan under which reimbursements are excludable from her income and deductible by him. *See* Rev Rul 71-588, 1971-2 CB 91. The only question is whether Esther's entitlement to the amounts destroys the qualification of the payments for exclusion. The court concludes that it does.

■        Under Esther's employment agreement if she performs work, she is entitled to compensation. If she elects to have William pay or reimburse her for medical expenses, those amounts are deducted from or reduce the amount of her pay. This arrangement is no different than if Esther received her pay and then paid her medical expenses. A medical reimbursement plan which reduces the employee's compensation to the extent of the expenses reimbursed merely constitutes directing payment of the compensation. *L. L. Moorman v. Commissioner*, 26 TC 666 (1956).

        The court finds that the amounts paid as medical reimbursement by William are deductible by him as ordinary and necessary expenses. However, those amounts are includable in Esther's income as compensation received. As the department points out, those amounts are deductible by taxpayers on Schedule A as personal, medical expenses (subject to limitations). Judgment will be entered sustaining department's Opinion and Order No. 93-0652. Costs to neither party.